# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ANTHONY TERRY,

    Petitioner,

vs.                                                4:05cv199-MMP/AK

DONOVAN HAMILTON,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Presently before the Court is Petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner has paid the filing fee.

According to the petition, Petitioner was sentenced on February 15, 2001, to 15 years imprisonment for lewd and lascivious assault on a person under the age of sixteen and for exposing a minor to obscene material.  Doc. 1 at 1.  He did not directly appeal; however, before the time for appeal had expired, Petitioner filed, on February 28, 2001, a motion to reduce sentence, which was denied on June 4, 2001.  Doc. 1 at 3a.  He did not appeal that ruling.  In December, 2003, Petitioner filed a Rule 3.850 motion for post-conviction relief, which was denied.  The instant petition, attacking the voluntariness of his plea and the effectiveness of his counsel, was filed June 6, 2005.

Since Petitioner did not file a direct appeal, he is not entitled to the additional ninety-day period for seeking certiorari, and thus, Petitioner's conviction became final on March 15, 2001, when the time to appeal in state court expired. Before that date of finality, however, Petitioner filed, on February 28, 2001, a motion for reduction or modification of sentence. A Rule 3.800 motion which facially meets state procedural and filing requirements does in fact toll the one-year habeas filing period during the time that the motion is pending in state court. *Delancy v. Florida Department of Corrections*, 246 F.3d 1328, 1330-31 (11th Cir. 2001). It does not, however, toll the time for filing a direct appeal of a conviction and sentence under state law. *Joseph v. State*, 471 So.2d 58 (Fla. Ct. App. 1985). Thus, the time for filing the instant petition was tolled between the time the 3.800 motion was filed and the time that the court denied the motion.

Petitioner therefore had one year from June 4, 2001, to file the instant petition. As the instant petition was not filed until June 6, 2005, Petitioner clearly missed the filing deadline, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). In other words, the time for filing the instant petition had expired before Petitioner filed the post-conviction motion in state court in December, 2003, and the filing of that motion could not toll a statute of limitations that had already expired. Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, Petitioner has not suggested that this is an issue, and a review of the documents reveals nothing to support equitable tolling. *See*

*Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Because the instant petition is untimely, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **16th** day of June, 2005.

        s/ A. KORNBLUM
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**